**In the Matter of the Alleged Substance Abuse of E.J.H.,**

**E.J.H., Appellant.**

**No. 91–1340.**

Supreme Court of Iowa.

Dec. 23, 1992.

Charles H. Jacobs, Dubuque, for appellant.

Lyle R. Galliart, Asst. County Atty., Dubuque, for appellee State of Iowa.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

PER CURIAM.

The respondent, E.J.H., appeals from a district court order affirming the decision of a hospitalization referee ordering her to be taken into immediate custody after be-

ing discharged from an outpatient treatment program for substance abusers. The respondent contends the referee failed to comply with Iowa Code sections 125.81 and 125.84(3) (1991). We agree.

On February 19, 1991, respondent's husband and sister filed an application under Iowa Code section 125.75 for respondent's involuntary commitment. On that same day, the referee found probable cause to believe the respondent was a chronic substance abuser and likely to injure herself or others if allowed to remain at liberty. *See* Iowa Code § 125.81. The referee ordered the sheriff to take the respondent into immediate custody. During a hearing on February 22, 1991, the respondent stipulated to being a substance abuser in need of treatment. The referee ordered the respondent into outpatient treatment. On March 19, 1991, the referee entered an order authorizing the respondent to be taken into immediate custody as provided by Iowa Code section 125.81 if she refused to comply with the outpatient treatment program. *See* Iowa Code § 125.84(3).

On May 28, 1991, the respondent's substance abuse counselor wrote the referee that the respondent had failed to attend two sessions of her treatment program and, as a result, had been discharged from the program. The counselor's communication did not indicate that the respondent was dangerous or had been abusing any substance. The counselor did not request that the respondent be rehospitalized. The respondent did not receive notice of the discharge. In a letter to the referee dated June 10, 1991, the counselor opined that the respondent may benefit from the structure and intensity of an inpatient treatment program.

Based on these communications, the referee found probable cause to believe respondent was a substance abuser and likely to injure herself or others if allowed to remain at liberty. The referee included the following facts:

The respondent was found to be a chronic substance abuser pursuant to prior order for commitment. Respondent has been completely noncompliant with outpatient commitment and is discharged from SASC untreated. Thus, respondent continues to suffer untreated.

The referee then ordered the sheriff to take the respondent into immediate custody and place her in a locked psychiatric unit.

On June 11, 1991, the sheriff took the respondent into custody at her place of employment. A revocation hearing was held three days later. The referee found that, despite the fact the respondent had been noncompliant with previous outpatient treatment plans, she should be released from custody and resume outpatient treatment.

The respondent appealed the immediate custody order to the district court which affirmed the referee's order and dismissed the respondent's appeal. The respondent filed a motion for new trial or for amended conclusions of law and fact which the district court denied. The respondent filed a notice of appeal.

I. Chapter 125 of the Iowa Code addresses the issue of chemical substance abuse. It sets out precise procedures to be followed for the involuntary commitment of a chronic substance abuser.

Iowa Code section 125.84 requires the chief medical officer to evaluate the substance abuser and recommend to the court an alternative placement for the respondent. In this case, the evaluating physician recommended outpatient treatment. Iowa Code section 125.84(3) concerns outpatient treatment and provides that:

The (outpatient treatment) order shall provide that if the respondent fails or refuses to submit to treatment, as directed by the court's order, the court may order that the respondent be taken into immediate custody *as provided by section 125.81....*

(Emphasis added.)

Iowa Code section 125.81 authorizes immediate custody upon the filing of a verified application by "any interested person" and upon a specific finding by the court "that the respondent is a chronic substance abuser who is likely to injure herself or others if allowed to remain at liberty."

The district court did not interpret section 125.84(3) as requiring the referee to make another finding that the respondent was likely to injure herself or others if allowed to remain at liberty. The district court interpreted section 125.84(3) as authorizing the referee to order the respondent to be taken into immediate custody if the respondent fails or refuses to submit to treatment. The district court found that the "as provided by" language of section 125.84(3) did not require the referee to follow section 125.81's procedural requirements prior to ordering immediate custody. We disagree.

The United States Supreme Court has repeatedly recognized that civil commitment for any person constitutes a significant deprivation of liberty that requires due process protection. *Addington v. Texas*, 441 U.S. 418, 425, 99 S.Ct. 1804, 1809, 60 L.Ed.2d 323, 330–31 (1979) (involving the involuntary commitment of the mentally ill). Involuntary commitment deprives an individual of liberty through coercive state action, and the statute imposes stringent substantive and procedural limitations on the exercise of the State's power. *In re Oseing*, 296 N.W.2d 797, 798 (Iowa 1980). The United States Supreme Court has noted:

A finding of "mental illness" alone cannot justify a State's locking a person up against his will and keeping him indefinitely in simple custodial confinement. Assuming that that term can be given a reasonably precise content and that the "mentally ill" can be identified with reasonable accuracy, there is still no constitutional basis for confining such persons involuntarily if they are dangerous to no one and can live safely in freedom.

*O'Connor v. Donaldson*, 422 U.S. 563, 575, 95 S.Ct. 2486, 2493, 45 L.Ed.2d 396, 406–07 (1975); *see also Foucha v. Louisiana*, 504 U.S. ——, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992). We believe these same principles govern the involuntary commitment of a chronic substance abuser.

■ We conclude the language "as provided by" in section 125.84(3) requires the referee to comply with section 125.81 prior to ordering the respondent into immediate custody. Probable cause must exist to believe that the respondent is a substance abuser and likely to injure herself or others if allowed to remain at liberty prior to entering an order for immediate custody. *See also* Iowa Rules for Commitment of Substance Abusers 14.

■ II. An involuntary commitment is not warranted unless it is proven by clear and convincing evidence that the respondent is a chronic substance abuser. Iowa Code § 125.82(4). A presumption in favor of the respondent exists. *Id.*

Iowa Code section 125.2(4) defines a chronic substance abuser as a person who:

a. Habitually lacks self-control as to the use of chemical substances to the extent that the person is likely to seriously endanger the person's health or to physically injure the person's self or others, if allowed to remain at liberty without treatment.

b. Lacks sufficient judgment to make responsible decisions with respect to the person's hospitalization or treatment.

Here, the referee initiated the revocation proceedings based upon the communications from the respondent's substance abuse counselor. The counselor did not, however, indicate that the respondent was currently dangerous or had been abusing any substance. The counselor did not request that the respondent be rehospitalized. We conclude there was insufficient evidence to find that the respondent was abusing a substance or likely to injure herself or others if allowed to remain at liberty at the time the referee ordered that she be taken into immediate custody. The fact that the respondent remains an untreated substance abuser alone is not sufficient reason to find that she is dangerous to herself or others.

The decision of the district court is reversed.

REVERSED.