## IN THE COURT OF APPEALS OF IOWA

No. 14-1403
Filed June 10, 2015

**IN RE THE MATTER OF D.K.,**
**Alleged to be a Person with a**
**Substance Related Disorder,**

**D.K.,**
         **Respondent/Appellant.**
_____

Appeal from the Iowa District Court for Johnson County, Stephen Jackson Jr. (continuing commitment hearing) and Marsha Bergan (writ of habeas corpus), Judges.


An individual appeals a district court denial of his request to terminate involuntary commitment proceedings and alternative petition for writ of habeas corpus. **AFFIRMED.**


Christopher Warnock, Iowa City, and Christine Boyer, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Gretchen Witte Kraemer, Assistant Attorney General, Janet Lyness, County Attorney, and Kristin Parks, Assistant County Attorney, for appellee State.


Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, P.J.**

D.K. was involuntarily committed to a facility based on a substance abuse related disorder. *See* 2013 Iowa Acts ch. 130, § 37 (codified at Iowa Code § 125.75 (2015)); Iowa Code §§ 125.81, .82 (2013). He filed a motion to terminate the commitment and, alternatively, a petition for writ of habeas corpus.

Meanwhile, D.K. was discharged from the facility, and the district court ordered termination of the proceedings. Based on his discharge, the district court concluded habeas corpus was "not an appropriate form of relief." The court reasoned, "No one here in Iowa is holding [D.K.] or restraining his liberty. Once this Court ordered termination of all proceedings pursuant to which the commitment/treatment order was issued, there exists no one upon whom to serve a writ of habeas corpus." The court denied the petition.

On appeal, D.K. raises a due process challenge to his commitment. The State counters with several arguments supporting dismissal of the appeal, including an argument based on the mootness doctrine. Our appellate courts have declined to dismiss this type of action on mootness grounds. *See In re B.B.*, 826 N.W.2d 425, 431-32 (Iowa 2013) (presuming "person adjudicated seriously mentally impaired and involuntarily committed suffers adverse collateral consequences" and declining to apply mootness doctrine under these circumstances); *In re J.G.*, No. 12-1220, 2013 WL 2107462, at *2 (Iowa Ct. App. May 15, 2013). As for the State's remaining procedural arguments, we find it more expedient to bypass them and proceed to the merits.

D.K. contends Iowa Code chapter 125, governing substance-related disorders, "was not properly applied in the instant case." He asserts "due

process requires [a finding of] dangerousness for involuntary commitment" and "the statute is illegal because it does not require [a finding of] dangerousness."

D.K. is partially correct. Involuntary civil commitment "constitutes a significant deprivation of liberty that requires due process protection." *In re E.J.H.*, 493 N.W.2d 841, 843 (Iowa 1992) (citing *Addington v. Texas*, 441 U.S. 418, 425 (1979)). A finding of "mental illness" alone cannot justify confinement against a person's will. *Id.* (citing *O'Connor v. Donaldson*, 422 U.S. 563, 575 (1975)). There also must be a finding of dangerousness. *See Kansas v. Hendricks*, 521 U.S. 346, 358 (1997) ("We have sustained civil commitment statutes when they have coupled proof of dangerousness with the proof of some additional factor, such as a 'mental illness' or 'mental abnormality.' These added statutory requirements serve to limit involuntary civil confinement to those who suffer from a volitional impairment rendering them dangerous beyond their control.") (cited in *In re Detention of Garren*, 620 N.W.2d 275, 284 (Iowa 2000)). Accordingly, we agree proof of "dangerousness" is required to satisfy due process. We disagree with D.K. that chapter 125 no longer contains this requirement.

The legislature amended chapter 125 in 2011. *See* 2011 Iowa Acts ch. 121, §§ 26, 28. Before these amendments, the legislature defined "chronic substance abuser" as one who "[h]abitually lacks self control as to the use of chemical substances to the extent that the person is likely to seriously endanger the person's health, or to physically injure the person's self or others, if allowed to remain at liberty without treatment" and "[l]acks sufficient judgment to make responsible decisions with respect to the person's hospitalization or treatment."

Iowa Code § 125.2(5) (2011). This definition included a dangerousness component.

The 2011 amendment substituted "substance related disorder" for "chronic substance abuser" and defined "substance related disorder" as "a diagnosable substance abuse disorder of sufficient duration to meet diagnostic criteria specified within the most current diagnostic and statistical manual of mental disorders published by the American psychiatric association that results in a functional impairment." Iowa Code § 125.2(14) (2013). This definition does not explicitly include a dangerous component.

However, by the time of D.K.'s commitment, the legislature corrected this omission by adding a dangerousness component, albeit in another provision of the statute. Specifically, in 2013, the legislature required an involuntary commitment application to "[s]tate the applicant's belief that the respondent *is a person who presents a danger to self or others* and lacks judgmental capacity due to . . . [a] substance-related disorder as defined in section 125.2." Iowa Code § 125.75 (2015) (emphasis added); 2013 Iowa Acts ch. 130, § 37.

The district court read this amendment, together with the reference to "functional impairment" in the definition of "substance-related disorder" as requiring that, "before a respondent suffers loss of liberty, there must be clear and convincing proof of: disorder; duration; functional impairment; danger; and lack of judgmental capacity." Although the court resolved D.K.'s habeas corpus petition on mootness grounds, the court stated, "With such a statutory scheme in place, liberty interests of respondents should be protected so long as courts follow the law."

We agree with the district court's statement. Because the statute incorporates a dangerousness requirement, it is not "illegal," as D.K. asserts.

D.K. concedes the district court made the pertinent findings concerning his substance-related disorder and his dangerousness to self or others and he does not challenge the evidence supporting these findings. Accordingly, we affirm the denial of his petition.

The State requests that we assess the fees of preparing the transcript in this appeal to D.K. We decline to do so, and order the State to pay transcript costs.

**AFFIRMED.**